IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-DMW |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Endgame Holdings, LLC ("Endgame") respectfully moves this court for an immediate Temporary Restraining Order ("TRO") against Debtor NecoSage, LLC ("NecoSage"), enjoining NecoSage from transferring, encumbering, or dissipating any of the estate's assets.

In further support of this Motion, Endgame represents to the Court as follows:

1. On February 24, 2026, Endgame and other petitioning creditors commenced this involuntary chapter 7 proceeding against NecoSage.

2. Contemporaneously, Endgame filed an *Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Dkt. No. 3] (the "Interim Trustee Motion").

3. As detailed in the Interim Trustee Motion, NecoSage is subject to ongoing and imminent risk of asset dissipation, insider self-dealing, and irreparable harm arising from the unchecked control exercised by Farooq Cheema ("Mr. Cheema").

4. Without immediate injunctive relief, estate assets may be transferred, encumbered, or otherwise placed beyond the reach of creditors before this Court can adjudicate the Interim Trustee Motion, thereby frustrating the Court's jurisdiction and rendering prospective relief ineffective.

1

5. Section 105(a) empowers this Court to issue any order necessary to prevent abuse of process and to ensure that substantive rights under the Bankruptcy Code are not rendered meaningless. The requested TRO is necessary to preserve the Court's ability to adjudicate the Interim Trustee Motion, as well as prevent further erosion of estate value before a trustee can be installed.

6. Absent a TRO, Mr. Cheema remains free to transfer, encumber, or dissipate estate assets. Monetary damages are inadequate to remedy this harm, particularly in light of the opaque entity structure and insider control.

7. Further, the Interim Trustee Motion establishes a strong likelihood of success under 11 U.S.C. § 303(g) based on demonstrated mismanagement, fraud, and risk of loss to the estate.

8. The requested relief is narrowly tailored and temporary. It does not adjudicate liability or permanently displace management. By contrast, denial of injunctive relief would expose creditors to continued risk of loss.

WHEREFORE, Endgame respectfully requests that the court grant the TRO, effective immediately, enjoining NecoSage, its principals, officers, managers, members, affiliates, and agents from transferring, encumbering, or dissipating any of the estate's assets.

This is the 25th day of February, 2026.

        **K&L GATES, LLP**

        */s/ A. Lee Hogewood, III*
        A. Lee Hogewood, III
        North Carolina State Bar No. 17451
        Gunjan D. Devnani
        North Carolina State Bar No. 62331
        K&L Gates LLP
        301 Hillsborough Street, Suite 1200
        Raleigh, North Carolina 27603
        Telephone: 919-743-7306
        E-mail:  Lee.Hogewood@klgates.com
        Gunjan.Devnani@klgates.com

        *Counsel for Endgame Holdings, LLC*

## Exhibit A

**Proposed Order**

**[Proposed Order forthcoming]**

5

Case 26-00822-5-DMW    Doc 9    Filed 02/25/26    Entered 02/25/26 13:25:10    Page 5 of 6

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed electronically in accordance with the local rules and was served on NecoSage, LLC, the debtor in this case, by First Class Mail and Federal Express at the following addresses:

4801 Glenwood Ave, Suite 200
Raleigh, NC 27612

Alternate Address:
4445 Corporation Lane, Suite 264
Virginia Beach, VA 23462

      Dated: February 25, 2026.

                                                    */s/ A. Lee Hogewood, III*
                                                    A. Lee Hogewood, III