**SO ORDERED.**

**SIGNED this 25 day of February, 2026.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-5-DMW |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court after a telephonic hearing to consider the Petitioning Creditor's *Emergency Motion for Temporary Restraining Order Pursuant to 11 U.S.C. § 105* (the "Motion"). Based upon the statements of counsel during the hearing, the allegations of the Motion and certain testimony taken in open court in connection with the *Emergency Motion for Appointment of an Interim Trustee*, the Court determines as follows for purposes of this Order only:

1. On February 24, 2026, Endgame Holdings, LLC ("Endgame") and other petitioning creditors commenced this involuntary chapter 7 proceeding against NecoSage, LLC ("NecoSage").

2. Contemporaneously, Endgame filed an *Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Dkt. No. 3] (the "Interim Trustee Motion").

3. As detailed in the Interim Trustee Motion and as presented in open court, NecoSage is subject to ongoing and imminent risk of asset dissipation, insider self-dealing, and irreparable harm arising from the unchecked control exercised by Farooq Cheema ("Mr. Cheema").

4. Without immediate injunctive relief, estate assets may be transferred, encumbered, or otherwise placed beyond the reach of creditors before this Court can adjudicate the Interim Trustee Motion, thereby frustrating the Court's jurisdiction and rendering prospective relief ineffective.

5. Section 105(a) empowers this Court to issue any order necessary to prevent abuse of process and to ensure that substantive rights under the Bankruptcy Code are not rendered meaningless. The requested TRO is necessary to preserve the Court's ability to adjudicate the Interim Trustee Motion, as well as prevent further erosion of estate value before a trustee can be installed.

6. Absent a TRO, Mr. Cheema remains free to transfer, encumber, or dissipate estate assets. Monetary damages are inadequate to remedy this harm, particularly in light of the opaque entity structure and insider control.

7. The requested relief is narrowly tailored and temporary. It does not adjudicate liability or permanently displace management. By contrast, denial of injunctive relief could expose creditors to continued risk of loss.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. NecoSage and any person, individual or entity working or acting in concert with NecoSage, including, without limitation, parents, subsidiaries, owners, relatives of owners or affiliates of any kind or any third-party acting in concert with any of the foregoing persons are enjoined and prohibited from the following:

    a. Transferring assets of any kind or nature, including money;

    b. Closing or opening bank accounts or transferring funds between bank accounts;

    c. Destroying any records or disabling access to any such records; and

    d. Leaving the United States, from now until the matter comes on for hearing as set forth in paragraph 2 below, subject to further extensions by the Court;

2. The Court shall conduct a further hearing on whether or not to extend this Temporary Restraining Order and on the Interim Trustee Motion on **Monday March 2, 2025 at 12:30pm (ET)** at the United State Bankruptcy Court, 3rd Floor, 300 Fayetteville Street, Raleigh, NC 27602; and

3. Counsel for Endgame is directed to attempt to obtain in person service of this Order and all pleadings to date at a physical address occupied by Mr. Cheema.

END OF DOCUMENT