IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re:<br><br>NECOSAGE, LLC,<br><br>　　　　　Alleged Debtor. | Chapter 7 (Involuntary)<br><br>Case No. 26-00822-5 (DMW) |

**DECLARATION OF ALBERT KIRCHHEIN IN SUPPORT OF ALLEGED DEBTOR'S (I) OBJECTION TO (A) EMERGENCY MOTION FOR APPOINTMENT OF AN INTERIM TRUSTEE AND (B) EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; AND (II) MOTION TO (X) CONVERT TO A CASE UNDER CHAPTER 11 AND (Y) TRANSFER TO PROPER VENUE**

I, Albert Kirchhein, being duly sworn, state the following under penalty of perjury:

1.　　I am the Principal of the financial and operational restructuring firm AK Restructuring LLC, located at 7844 154th Ct. N., Palm Beach Gardens, Florida 33418.

2.　　I am in all respects competent to make this declaration (the "*Declaration*") in support of the *Alleged Debtor's (i) Objection to (a) Emergency Motion for Appointment of an Interim Trustee and (b) Emergency Motion for Temporary Restraining Order; (ii) Motion to (x) Convert to a Case under Chapter 11 and (y) Transfer to Proper Venue* (the "*Motion*").

3.　　NecoSage is a private equity fund that owns a portfolio of companies (the "*Portfolio Companies*"), including Urban Red LLC ("*Urban Red*"), which currently has a chapter 11 case pending in the Delaware Bankruptcy Court.[1]

---

[1] *See In re Urban Red, LLC*, Case No. 26-10283, United States Bankruptcy Court for the District of Delaware.

4. On December 5, 2025, NecoSage engaged me and my firm, AK Restructuring, LLC ("*AK Restructuring*"), to serve as the Chief Restructuring Officer and Financial Advisor for NecoSage and Urban Red (the "*CRO*").

5. AK Restructuring is a turnaround and restructuring advisory firm. AK Restructuring works in close collaboration with company management to implement strategies to effectively restructure businesses which are considering or have declared chapter 11 bankruptcy.

6. I am a seasoned restructuring professional with over 30 years of experience in financial restructuring, crisis management, and coordinating dispositions of underperforming or highly leveraged companies. I am an expert in strategic planning, cash-flow forecasting, cash management, the preparation of business plans, and ongoing monitoring of liquidations and am thus well-equipped to serve as NecoSage's Chief Restructuring Officer.

7. I am also deeply experienced with bankruptcy and restructuring engagements, in particular. For example, I have served as trustee in numerous chapter 11 and chapter 7 cases. I have also been the primary financial advisor to parties in interest in numerous complex, multinational restructuring matters in industries including retail, banking, health care, distribution and manufacturing. I specialize in crafting effective restructuring plans and executing in a manner that maximizes the outcomes to critical stakeholders.

8. Since my appointment, I have worked to, among other things, assist NecoSage in securing debtor-in-possession financing, develop a reorganization process, and understand and monitor a variety of matters, including, among others, the liquidity needs of the business and to identify opportunities to assess and conduct a successful bankruptcy process and exit comporting with my and NecoSage's fiduciaty duties and the best interests of the creditor body as a whole.

9.      AK Restructuring is registered in Florida and its offices are located at 7844 154th Ct. N., Palm Beach Gardens, Florida 33418. The CRO operates from AK Restructuring's offices in Jupiter, Florida.

10.     On January 18, 2026, NecoSage approved resolutions, which, among other things, codified the substance of my December 5, 2025 engagement letter, serving as the authorized representative for NecoSage in the company's chapter 11 case, and granting and delegating decision making authority over NecoSage to me.  A copy of the signed *Written Consent to Action with Meeting of the Board of Managers and the Class B Member of NecoSage, LLC* (the "*Resolutions*") is attached to the Motion as **Exhibit A**.

11.     Specifically, the Resolutions authorize me as CRO "to take any and all action that it deems necessary or proper to obtain appropriate relief for the Company, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business[.]" Resolutions at 1-2.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2026

ALBERT KIRCHHEIN

# WRITTEN CONSENT TO ACTION WITHOUT MEETING
# OF THE BOARD OF MANAGERS AND THE CLASS B MEMBER
# OF NECOSAGE, LLC

The undersigned, being all of the members of the Board of Managers (the "Board"), and all of the Class B Members, of NecoSage LLC, a Virginia limited liability company (the **"Company"**), pursuant to the Virginia Limited Liability Company Act and the Company's First Amended and Restated Operating Agreement (dated July 1, 2024) (**"Operating Agreement"**) hereby consent in writing to the adoption of the following resolutions without a meeting, with the same force and effect as if adopted at a duly called meeting of the Board.

## RECITALS

WHEREAS, the Company is governed by the Operating Agreement that establishes pursuant to Sections 8.05 and 8.06 a Board of Managers and authorizes the Board to take action by written consent without a meeting;

WHEREAS, the Board has determined that it is advisable and in the best interests of the Company to approve the actions set forth below; and

WHEREAS, the Class B Member of the Company, pursuant to Sections 4.06 and 4.09, has determined that it is advisable and in the best interests of the Company to consent to the actions set forth below.

## RESOLUTIONS

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Managers and the Class B Member, it is desirable and in the best interest of the Company, its creditors, members, and other interested parties to file a petition (the "*Petition*") seeking relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), Subchapter V, in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*");

RESOLVED FURTHER, that Albert Kirchhein and AK Restructuring LLC shall be, and hereby is, employed as Chief Restructuring Officer for the company in the Company's chapter 11 case and Albert Kirchhein shall serve as the Authorized Representative (the "*Authorized Representative*") for the Company for all matters involved in the Company's chapter 11 case;

RESOLVED FURTHER, that the Authorized Representative shall be, and hereby is, authorized, directed, and empowered on behalf of and in the name of the Company to execute, verify, and cause to be filed such requests for relief from the Bankruptcy Court as the Authorized Representative may deem necessary, proper, or desirable in connection with the Petition, including any supporting declarations;

RESOLVED FURTHER, that the Authorized Representative is authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that it deems necessary or proper to obtain appropriate relief for the

Company, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER, that the law firm of Goldstein & McClintock LLLP shall be, and hereby is, employed as general bankruptcy counsel for the Company in the Company's chapter 11 case;

RESOLVED FURTHER, that the Authorized Representative, and any employees or agents (including counsel) designated by or directed by such Authorized Representative, shall be, and each hereby is, authorized and empowered to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions as, in the judgment of such Authorized Representative, shall be necessary, proper, and desirable (i) to prosecute to a successful completion the Company's chapter 11 case, (ii) to effectuate the restructuring of the Company's debt and other obligations, organizational form and structure, and ownership of the Company and its assets, consistent with the foregoing resolutions, and (iii) to carry out and put into effect the purposes of and the transactions contemplated by the foregoing resolutions; and

RESOLVED FURTHER, that all actions heretofore taken by the Authorized Representative or of the Company in connection with or otherwise in contemplation of the transactions contemplated by any of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, the undersigned has executed this action by written consent as of the date first written above.

**Date:** January 18, 2026

**BOARD OF MANAGERS:**

| **Name** | **Signature** |
|---|---|
| Farooq Cheema | /s/ Farooq Cheema (29025AD22CC1450...) |
| Qamar Abbas | /s/ Qamar Abbas (37BE2BB19DD64E9...) |
| Muhammad Hussain | /s/ Muhammad Hussain (49B963ACE0A140D...) |

**CLASS B MEMBER ACKNOWLEDGEMENT AND CONSENT:**

**Simorq Capital, LLC**

By: /s/ Farooq Cheema (29025AD22CC1450...)
Name: Farooq Cheema
Position: Manager