**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NECOSAGE, LLC, | Case No. 26-00822-5 (DMW) |
| Debtor. | |

# DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 7

NecoSage, LLC ("*NecoSage*" or the "*Debtor*") hereby desires to exercise its right to convert this bankruptcy case to Chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*"), and respectfully states as follows:

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

An involuntary petition (the "*Involuntary Petition*") under Chapter 7 of the Bankruptcy Code was commenced against the Debtor in this Court on February 24, 2026. By consent of the Debtor, this Court subsequently entered an order of relief on the Involuntary Petition, and on the Debtor's motion, the Court converted this case to Chapter 11 of the Bankruptcy Code.

One of the Debtor's affiliates, Urban Red LLC ("*Urban Red*"), also filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Court*"). Urban Red is concurrently filing a motion before the Delaware Court to convert that case to Chapter 7.

## Reason for Conversion

Prior to the filing of the Involuntary Petition, the Debtor and Urban Red (collectively, the

"*Debtors*") reached an agreement in principal with a proposed debtor-in-possession lender (the "*DIP Lender*") to fund (the "*DIP Loan*") the Debtors' Chapter 11 cases, which agreement in principal was subject to various conditions, including, among other things documentation and a DIP Loan budget acceptable to the DIP Lender.

Moreover, the appointment of an examiner constituted a default under the agreement in principal for the DIP Loan.

The Debtors were close to finalizing documentation reflecting the terms of such DIP Loan prior to the Debtor learning of the filing of the Involuntary Petition and the Temporary Restraining Order (the "*TRO*") entered by this Court (which, while the TRO was in force, prohibited the Debtors' completion of such documentation). The DIP Lender is an arm's length third-party, unrelated to the Debtors or any insider of the Debtors.

However, as a result of the events which have transpired subsequent to the filing of the Involuntary Petition, the DIP Lender has informed the Debtor that it is declining to proceed with the envisioned DIP Loan.

Despite extensive negotiations, the Debtors have been unable to convince the DIP Lender to reconsider its decision not to proceed with the DIP Loan. Attached hereto and incorporated herein as **Exhibit A** is e-mail correspondence from the Debtors' Chief Restructuring Officer reflecting his discussions with the DIP Lender.

**The Debtors' Resulting Administrative Insolvency**

Given the lack capital to operate (much less to sustain the administrative costs of Chapter 11) absent immediate and adequate debtor-in-possession financing, the Debtors are rendered administratively insolvent.

It is hornbook bankruptcy law that a Chapter 11 debtor cannot accrue post-petition

expenses it cannot pay. *See, e.g., In re BH S&B Holdings, LLC*, 439 B.R. 342, 349 (Bankr. S.D.N.Y. 2010) ("[t]he Court further concludes that the Debtors' administrative insolvency constitutes cause to convert these cases").

**The Debtor's Absolute Right to Convert**

Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to Chapter 7 as a matter of right. *See* H.R. REP. NO. 95-595, 1st Sess. 405 (1977); S. REP. NO. 95-989, 95th Cong., 2d Sess. 117 (1978); *see also In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) ("[Section 1112(a), by its terms, gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions. The legislative history confirms Congress' intent to give debtors an absolute right to convert from chapter 11 to chapter 7.'); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) (recognizing same).

There are only three circumstances where a debtor is precluded from exercising that right, *i.e.,* where: (a) the debtor is not a debtor-in-possession; (b) the case was originally commenced as an involuntary case under Chapter 11; or (c) the case was converted to a case under Chapter 11 other than at the debtor's request. *See* 11 U.S.C. § 1112(a). None of those exceptions are applicable here.

Here, the first prong of Section 1112(a) is met, as the Debtor is a debtor-in-possession. The second prong is met as NecoSage's bankruptcy was originally commenced as an involuntary case under Chapter 7 of the Bankruptcy Code (not as an involuntary case under Chapter 7 of the Bankruptcy Code). And the third prong is met as as NecoSage's bankruptcy was converted to a case under Chapter 11 at NecoSage's request (not at the request of the party other than NecoSage).

As explained by the leading treatise on bankruptcy, the reasons underlying the latter

exceptions are clear. *See* 7 COLLIER ON BANKRUPTCY ¶ 1112.02 (16th ed. 2026) ("Where creditors have sought court intervention by the filing of an *involuntary petition under chapter 11 to force a reorganization upon a debtor*, Congress does not give the debtor the absolute right to thwart that effort of the creditors by conversion of the case to chapter 7." (emphasis added)). Therefore, the Debtor is entitled, as an absolute right, to convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 8, 2026

*/s/ Harley J. Goldstein*
Harley J. Goldstein, Esq.

*/s/ Ainsley G. Moloney*
Ainsley G. Moloney, Esq.

**GOLDSTEIN & MCCLINTOCK LLLP**
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
ainsleyg@goldmclaw.com

-and-

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

*Attorneys for the Debtor*

*/s/ John A. Northen*
John A. Northen, Esq.
**NORTHEN BLUE, LLP**
1414 Raleigh Rd., Ste 435
Chapel Hill, NC 27517
Telephone: (919) 948-6823

jan@nbfirm.com

*Local Civil Rule 83.1(d) Attorney for the Debtor*

EXHIBITA

**Subject:** Fwd: Pending Cases
**Date:** Saturday, March 7, 2026 at 7:16:01 PM Eastern Standard Time
**From:** ALBERT KIRCHHEIN
**To:** Ainsley Moloney, Maria Sawczuk
**CC:** Harley Goldstein, Douglas T. Tabachnik

All, as you are aware, subsequent to the email below, I continued discussions with the proposed DIP lender (its counsel is copied on this email) to ensure I pursued every attempt to resuscitate the DIP financing. I've been unsuccessful, and we're at the point where further discussions will not bear fruit. As I understand it, the obstacles are the uncertainty of the process and forum reinforced by the original entry of the TRO without any notice to the borrower, the additional fees the DIP lender would need to fund for an examiner without limitations on the scope of his investigation, the uncertainty of the timetable (or length) of the DIP loan and therefore the amount that the DIP lender would need to fund (since the Debtor and its affiliates lack cash and are losing money), and the comment I conveyed to them that the judge made while I was sitting in court that "that's not gonna happen" (during Endgame's lawyers opening remarks and less than 5 minutes into the last hearing, even though the hearing on venue hasn't occurred yet). Accordingly, please proceed with filing the pleadings to convert to chapter 7.

Best regards, Al

Sent from my iPhone

Begin forwarded message:

> **From:** Albert Kirchhein
> **Date:** March 5, 2026 at 9:29:22AM EST
> **To:** Harley Goldstein, Ainsley Moloney, Maria Sawczuk, Farooq Cheema, Brett Walter, Douglas T. Tabachnik, David Moore, ReBiz Legal, Tariq Khan
> **Subject: Pending Cases**
>
> All:
>
> Given that the proposed DIP lender has now declined, in light of the events that have transpired since the filing of the involuntary petition, to agree to fund amounts for the Debtors to reach the closing of a sale of the Debtors' assets (and no other source of funding is available), I have instructed the Debtors' counsel to file motions today to convert both the NecoSage chapter 11 case pending in North Carolina and the Urban Red chapter 11 case pending in Delaware to chapter 7 cases.
>
> Best regards, Al
>
> Sent from the all new AOL app for iOS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-5 (DMW) |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**ORDER GRANTING DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 7**

Upon consideration of the motion filed by the above-captioned debtor-in-possession (the "*Debtor*") to convert the Debtor's Chapter 11 bankruptcy case (the "*Bankruptcy Case*") to Chapter 7 of title 11 the United States Code (the "*Bankruptcy Code*"); the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b);

**IT IS HEREBY ORDERED THAT:**

1. The Debtor's motion to convert the Bankruptcy Case to Chapter 7 of the Bankruptcy Code is granted, and accordingly, this case is hereby converted to Chapter 7.

2. This order shall be effective immediately upon its entry.

# # # End of Order # # #

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| **IN RE:**<br><br>**NECOSAGE, LLC**<br><br>**ALLEGED DEBTOR** | **CASE NO. 26-00822-5-DMW**<br>**CHAPTER 7 (Involuntary)** |
|---|---|
| **CERTIFICATE OF SERVICE** | |

The undersigned hereby certifies that a copy of each of the *Debtor's Motion to Convert Case to Chapter 7* was served by automatic ECF notice on March 8, 2026, upon the following:

| | |
|---|---|
| Brian Behr<br>Kristen Gardner<br>US Bankruptcy Administrator | Lee Hogwood, III<br>Gunjan D. Devnani<br>Counsel for Endgame Holdings, LLC |
| George F. Sanderson, III<br>Examiner | |

Under penalty of perjury, I declare that the foregoing is true and correct.

March 8, 2026

/s/ John A. Northen

NORTHEN BLUE LLP
John A. Northen, NCSB 6789
jan@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, North Carolina 27517
Telephone: (919) 948-6823
Local Counsel for NecoSage, LLC